IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GASPAR MATEO RAYMUNDO,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID VENTURELLA, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,[1]<br><br>Respondents. | **8:26CV430**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on petitioner Gaspar Mateo Raymundo's ("Mateo Raymundo") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief (Filing No. 1). Mateo Raymundo is a "native and citizen of Guatemala." He reports that he was arrested following a traffic stop on July 15, 2026, and was "transported to the [United States Immigration and Customs Enforcement] office in Omaha, Nebraska." He has been in custody ever since—reportedly "at the McCook Detention Facility and/or the Sarpy County Jail."

As Mateo Raymundo sees it, he is being held "in violation of the Constitution, laws, or treaties of the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001). Although Mateo Raymundo devotes three pages of his brief to the issue of whether he "should be mandatorily detained under 8 U.S.C.

[1]David Venturella is now the Acting Director of the United States Immigration and Customs Enforcement. The Clerk of Court is directed to substitute him for former Acting Director Todd Lyons on the docket sheet. *See* Fed. R. Civ. P. 25(d).

§ 1225(b)(2) or under 8 U.S.C. § 1226(a) and therefore be entitled to a bond hearing" without ever mentioning the Eighth Circuit's binding decision in *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026), which bears heavily on that issue, he actually only presents one claim for relief—procedural due process. He asks the Court to order his immediate release or grant him "a writ of habeas corpus directing the Respondents to provide [him] with a bond hearing *within one week*."

After careful review, the Court finds Mateo Raymundo's petition must be denied. To start, Mateo Raymundo contends that in determining whether his detention violates due process, the Court must apply the "three-part test" from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). But this Court has previously concluded that *Mathews* balancing does not apply to immigration-detention challenges like this one. *See*, *e.g.*, *Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *4 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 521-31 (2003); *Reno v. Flores*, 507 U.S. 292, 299-315 (1993); *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024)). Even if *Mathews* balancing did apply, Mateo Raymundo's assertion that "the statutory deficiencies and plethora of contrary case law with § 1225(b) being improperly used expound the risk of erroneous deprivation of [his] due process rights" is wholly without merit in this Circuit.

Applying the proper framework to the circumstances of this case, the Court finds Mateo Raymundo has not shown a due-process violation. *See*, *e.g.*, *Banyee*, 115 F.4th at 931-33; *Maan v. Easterwood*, No. 4:26CV3027, 2026 WL 1006255, at *2 (D. Neb. Apr. 14, 2026); *Mendez Leiva*, 2026 WL 948430, at *2-4. The Court does not agree that his detention since July 15, 2026, violates his constitutional rights.

For that reason,

IT IS ORDERED:

1. Petitioner Gaspar Mateo Raymundo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief (Filing No. 1) is denied.

2. This case is dismissed.

3. A separate judgment will issue.

Dated this 8th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge